NO. 07-03-0185-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 10, 2004

_____

ROBERT BARRON JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,564-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM**

Following his plea of not guilty, appellant Robert Barron Jones was convicted by a jury of aggravated sexual assault, enhanced, and punishment was assessed by the court

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

at life imprisonment. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* response and the State did not favor us with a brief.

Appellant was accused of sexually assaulting J.C., a boy under the age of 14 on April 5, 2001. J.C.'s mother and appellant's brother were married on April 7, 2001. On the day of the wedding, J.C. was staying with appellant's mother, whom he referred to as grandma, and told her he had a secret. J.C. made an outcry statement to her indicating appellant had licked his private part. On the day after the wedding, appellant's mother told J.C.'s mother what he had revealed. At a later time, J.C. was taken to The Bridge

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Children's Advocacy Center for an interview and to make a videotaped statement. Following a jury trial, appellant was convicted of aggravated sexual assault, enhanced, and at his election, punishment was assessed by the court at confinement for life.

By the *Anders* brief, counsel thoroughly and candidly reviews all stages of the proceedings from *voir dire* to sentencing before concluding that no reversible error is presented. Numerous pre-trial motions were filed by trial counsel. A review of the record also demonstrates that requirements of the Texas Code of Criminal Procedure and evidentiary rules were followed. Also, under Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000), the evidence is legally and factually sufficient to support appellant's conviction.

The State urged admission of J.C.'s videotaped statement pursuant to article 38.071 of the Code of Criminal Procedure. Defense counsel objected to its admission under the statute and on hearsay grounds. After reviewing relevant authorities, the trial court ruled the videotape was inadmissible.

Appellate counsel also concludes appellant was provided effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant had the advantage of being represented by two appointed attorneys. Pre-trial proceedings revealed appellant rejected a 15 year plea offer in exchange for a guilty plea. During trial counsel conducted effective cross-examination of the State's

witnesses and presented testimony for the defense from appellant's mother and J.C.'s mother.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4